IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND | : : : | CIVIL ACTION |
| Plaintiff, | : | NO. 02-CV-2674 |
| v. | : : | |
| ROYAL BANK OF PENNSYLVANIA | : : | |
| Defendant. | : | |

**SUPPLEMENTAL SUBMISSION OF PLAINTIFF,
FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

Plaintiff, Fidelity and Deposit Company of Maryland ("F&D"), hereby submits this brief in supplement to the July 11, 2002 Oral Argument on the Motion to Dismiss of defendant, Royal Bank of Pennsylvania ("Royal Bank").

In making this submission, it is not F&D's intent to rehash the parties' respective arguments, but rather to furnish the Court with an annotated chronology of the events underlying this case:

1. February 1, 2001 -- F&D issues Performance and Payment Bonds on behalf of RPSS in connection with the Graterford Prison Window Replacement Project. *See* Complaint, ¶ 10 and Exhibit "B" thereto.

2. February 2, 2001 -- RPSS and its principals execute Agreement of Indemnity in favor of F&D. *See* Complaint ¶ 7 and Exhibit "A" thereto.

3. July 25, 2001 -- RPSS executes Assignment of Claims in favor of Royal Bank in connection with loan. See Complaint, ¶ 12 and Exhibit "C" thereto.

4. August 8, 2001 -- F&D acknowledges loan to Royal Bank "subject to our rights as Surety in the event of default." *See* Complaint, ¶¶ 13-14 and Exhibit "D" thereto.

5. Prior to February, 2002 -- Default on construction project by RPSS.  *See* Complaint, ¶ 15, which alleges F&D's receipt of payment bond claims "beginning in February, 2002," from which a reasonable inference can be drawn that RPSS' default in failing to pay its subcontractors occurred prior to that time.

6. February 11, 2002 -- F&D first advises Commonwealth of F&D's receipt of payment bond claims and asserts the triggering of F&D's rights.  *See* Complaint, ¶ 16 and Exhibit "E" thereto.

7. February 14, 2002 – F&D first advises Royal Bank of F&D's assertion of its equitable subrogation rights and RPSS' default.  *See* Complaint, ¶ 17.

8. February 15, 2002 – F&D's additional communication to Royal Bank of F&D's assertion of its equitable subrogation rights and RPSS' default.  *See* Complaint, ¶ 18 and Exhibit "F" thereto.

9. February 15, 2002 -- Commonwealth issues $222,267.00 progress payment.  *See* Complaint, ¶ 20.

Despite Royal Bank's assertions to the contrary during Oral Argument, there is no question that F&D's claims are based upon its rights of equitable subrogation, as well as the assignment rights provided in the Agreement of Indemnity.  The Complaint expressly alleges that F&D became "subrogated to the rights of its principal, RPSS, and its obligee, the Commonwealth" (¶ 30).  As set forth in F&D's previously-filed Memorandum of Law, and as recognized in R. Hillman, J. McDonnell and S. Nickles, *Common Law and Equity Under the Uniform Commercial Code* (1985), which was cited by the Court at the conclusion of Oral Argument, a surety's equitable subrogation rights trump the rights of a secured contract assignee, even where the surety is also the beneficiary of an express assignment.  *See Pearlman v.*

*Reliance Insurance Co.,* 371 U.S. 132 (1962); *Jacobs v. Northeastern Corp.*, 416 Pa. 417, 206 A.2d 49 (1965); *Common Law and Equity*, §§ 24.01[2][a][i, ii].

Moreover, the law plainly provides that a surety has the right to receive contract funds that were earned, but remained unpaid prior to default. *See National Shawmut Bank of Boston v. New Amsterdam Casualty Co.,* 411 F.2d 843, 848 (1st Cir. 1969). This right is based upon the surety's succession to the owner's right to withhold otherwise earned payments in order to rectify a default. *Id.*

Further, a surety is entitled to recover money paid by the owner to an assignee, where a surety can "prove that the assignee had knowledge of the contractor's breach or, in some cases, that the assignee actually knew of this breach and also of the surety's claim to the funds." *Common Law and Equity*, ¶¶ 24.01[2][b][ii], p. 24-21. Here, the record supports such a finding, in that ¶¶ 17 and 18 of the Complaint, as well as the correspondence attached thereto as Exhibit "F," detail F&D's communication of RPSS' breach and F&D's equitable subrogation claims to Royal Bank. Additionally, prior to filing its Financing Statement, the date of which is not discernible from the record, Royal Bank had actual and constructive notice both of F&D's participation in RPSS' project and of F&D's rights in the event of default by F&D, as evidenced by F&D's August 8, 2001 letter and by the requirements of the Pennsylvania Public Works Contractor's Bond Law of 1967, 8 P.S. § 191, *et seq.*

Royal Bank has apparently abandoned its original argument, which is stated at page 2 of its Brief:

> Fidelity's Complaint must be dismissed because it is based entirely on the unsupported legal premise that as a general unsecured surety bond claimant, somehow it has superior rights to the Commonwealth's payments to Royal than Royal itself, which holds a perfected first lien on the Commonwealth's payments.

At Oral Argument, the Bank seemed to concede the superiority of F&D's equitable subrogation rights, but shifted its focus to the timing of various events in this case and to the invalid distinction between progress payments and retainage.  Regardless of which argument the Bank chooses, it is clear that F&D's Complaint, when read with all reasonable inferences and in light of the governing case law, clearly states a claim upon which relief can be granted.  Accordingly, as Royal Bank has failed to satisfy the strict standard required for Rule 12(b)(6) dismissal, Fidelity and Deposit Company of Maryland respectfully requests that defendant's motion be denied in its entirety.

    Respectfully submitted,

    WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP

    By:_____
    Scott M. Waldman
    1650 Arch Street, 22nd Floor
    Philadelphia, PA  19103
    (215) 977-2074
    *Attorney for Plaintiff,*
    *Fidelity & Deposit Company*
    *of Maryland*

Date:  July 15, 2002

## CERTIFICATE OF SERVICE

I, Scott M. Waldman, hereby certify that today I caused a true and correct copy of the foregoing Supplemental Submission of Plaintiff Fidelity and Deposit Company of Maryland to be sent via United States first class mail, postage pre-paid, as follows:

>Richard S. Hannye, Esquire
>Royal Bank of Pennsylvania
>732 Montgomery Avenue
>Narberth, PA  19072

_____
Scott M. Waldman

Date:   July 15, 2002

DSB:861629.1/FID024-158178