IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FIDELITY AND DEPOSIT CO. : CIVIL ACTION
OF MARYLAND :
:
v. :
:  No. 02-2674
ROYAL BANK OF PENNSYLVANIA :

**ORDER-MEMORANDUM**

AND NOW, this 26th day of July, 2002, the motion to dismiss the complaint of plaintiff Fidelity and Deposit Company of Maryland is denied. Fed R. Civ. P. 12(b)(6).[1] Jurisdiction is diversity, 28 U.S.C. § 1332.

Plaintiff surety asserts entitlement to funds paid to defendant Royal Bank of Pennsylvania, a secured creditor, by the Commonwealth of Pennsylvania on account of a construction contract. According to defendant, its interest is superior to that of plaintiff as an unsecured creditor or unsecured surety bond claimant. However, under certain circumstances that may be inferred at this stage from plaintiff's allegations, the complaint states an actionable claim;[2] and defendant's motion must be denied. The pertinent facts require further development.

_____
Edmund V. Ludwig, J.

---

[1] Under Rule 12(b)(6), the allegations of the complaint are accepted as true, and all reasonable inferences are drawn in the light most favorable to the plaintiff, and dismissal is appropriate only if it appears that plaintiff could prove no set of facts that would entitle relief. See Brown v. Philip Morris Inc., 250 F.3d 789, 796 (3d Cir. 2001).

[2] Pennsylvania law allows a surety that has paid claims of labor and materialmen "to assert the benefits of subrogation against the sum retained by the public agency that contracted for the work." Ram Construction Co. v. American States Ins. Co., 749 F.2d 1049, 1054 (3d Cir. 1984); see also United States Fid. and Guar. Co. v. United Penn Bank, 524 A.2d 958, 962 (Pa.Super. 1986) (upon completion of the contractor's job by the surety, the surety is subrogated to the rights of the contractor, the subcontractors and the owner for whom the job was completed). See generally Robert A. Hillman et al., Common Law and Equity Under the Uniform Commercial Code, ¶ 24.01[2][a][i] (1985) ("[S]urety's equitable right of subrogation and traditional priority over a competing assignee of the Contractor are not displaced under Article 9 [of the UCC].").