IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 02-CV-2674 |
| v. | : : | |
| ROYAL BANK OF PENNSYLVANIA | : : | |
| Defendant. | : | |

## JOINT STIPULATION OF FACTS

Plaintiff, Fidelity and Deposit Company of Maryland ("F&D") and defendant, Royal Bank of Pennsylvania ("Royal Bank"), by and through their undersigned counsel, hereby agree and stipulate to the following factual record for the limited purpose of filing cross-motions for summary judgment in the above-captioned action:

1.  F&D is a corporation existing under the laws of the State of Maryland, with its principal place of business at 3910 Keswick Road, Baltimore, Maryland, engaged in the commercial surety business.

2.  Royal Bank is a corporation existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 732 Montgomery Avenue, Narberth, Pennsylvania, engaged in the banking business.

3.  Restoration & Preservation Systems & Services, Inc. ("RPSS") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 19 N. 9th Street, Reading, Pennsylvania, engaged in the business of general building construction.

4. On or about February 2, 2001, RPSS, along with its principals, executed an Agreement of Indemnity ("Agreement") in favor of F&D. A true and correct copy of the Agreement is attached hereto as Exhibit "A."

5. On or about February 22, 2001, RPSS entered into a contract in the amount of $1,748,000.00 ("Contract") with the Commonwealth of Pennsylvania ("Commonwealth") for general construction, window and brick replacement at the State Correctional Institution at Graterford, Montgomery County, Pennsylvania ("Project"). A true and correct copy of the Contract is attached hereto as Exhibit "B."

6. F&D issued Contract Bond No. PRF 851 8739 ("Bond") in the penal sum of $1,748,000.00 on behalf of RPSS, as Principal, in favor of the Commonwealth, as Obligee, in connection with the Contract and Project. A true and correct copy of the Bond is attached hereto as Exhibit "C."

7. On or about July 25, 2001, RPSS closed on a non-revolving loan ("Loan") in the amount of $522,100.00 from Royal Bank, with a 75% SBA guarantee.

8. On or about July 25, 2001, in connection with the Loan, RPSS executed an Assignment of Claims in favor of Royal Bank, to which the Commonwealth executed a Joinder. A true and correct copy of the Assignment and Joinder is attached hereto as Exhibit "D."

9. On or about July 27, 2001, Royal Bank filed Berks County Bank's Assignment to Royal Bank of Financing Statement #3019599 with the Commonwealth of Pennsylvania and filed Berks County Bank's Assignment to Royal Bank of Financing Statement 99-889 ST with the Prothonotary of Berks County. True and correct copies of a docket report, along with the Assignments and Financing Statements, are attached hereto as Exhibit "E."

10. F&D has never filed a UCC-1 Financing Statement with respect to the Agreement, the Bond or the Contract.

11. In connection with the Loan, Royal Bank sought from F&D an acknowledgment of the existence of the Assignment, which acknowledgment was given via F&D's August 8, 2001 letter to Royal Bank. A true and correct copy of said letter is attached hereto as Exhibit "F."

12. On or about September 10, 2001, Royal Bank Vice President David Lockner prepared a memorandum regarding the "non-revolving" nature of the Loan. A true and correct copy of said memorandum is attached hereto as Exhibit "G."

13. On or about September 12 and 13, 2001, Royal Bank changed the Loan from a "non-revolving" facility to a "revolving" facility.

14. At no time did Royal Bank ever enter into a written contractual agreement with either the Commonwealth, RPSS or RPSS's Project subcontractors under which Royal Bank was obligated to pay any funds to said subcontractors on behalf of RPSS.

15. At no time prior to F&D's receipt of any claims on the Bond did Royal Bank advise either F&D or the Commonwealth that the Loan had been changed from a "non-revolving" facility to a "revolving" facility.

16. On or about January 12, 2002, RPSS submitted to the Commonwealth a Recapitulation of Contractor's Application for Payment, which was approved by the Commonwealth on or about January 15, 2002. A true and correct copy of said Recapitulation is attached hereto as Exhibit "H."

17. On or about January 18, 2002, Hope's Windows, Inc. ("Hope's"), a subcontractor to RPSS on the Project, wrote to F&D's agent submitting a payment bond claim based upon

RPSS' failure to pay certain of its invoices.  A true and correct copy of said letter is attached hereto as Exhibit "I."

18. On or about January 22, 2002, Hawk Construction Products, Inc. ("Hawk"), a subcontractor of RPSS on the Project, wrote to the Commonwealth and advised of RPSS's failure to pay certain of its invoices.  A true and correct copy of said letter is attached hereto as Exhibit "J."

19. On or about January 28, 2002, the Commonwealth wrote to Hawk and advised of the existence of the Bond, with copies to F&D and Royal Bank.  On or about January 28, 2002, the Commonwealth also wrote to RPSS regarding Hawk's claim, with copies to F&D and Royal Bank.  True and correct copies of said letters are attached hereto as Exhibit "K."

20. In addition to the claims of Hope's and Hawk, F&D received numerous other claims on the Bond.

21. To date, F&D has paid in excess of $500,000 in satisfaction of payment bond claims and in completing the Project pursuant to its performance bond obligations.

22. On or about February 11, 2002, F&D wrote to the Commonwealth, via telefacsimile, regarding this matter.  A true and correct copy of said telefacsimile is attached hereto as Exhibit "L."

23. On or about February 15, 2002, F&D's counsel  wrote to the Commonwealth, via telefacsimile, regarding this matter, to which Royal Bank's counsel responded via telefacsimile on February 20, 2002.  A true and correct copy of said telefacsimiles are attached hereto as Exhibit "M."

24. On or about February 15, 2002, Royal Bank Vice President James McSwiggan issued a memorandum regarding the status of the Loan. A true and correct copy of said memorandum is attached hereto as Exhibit "N."

25. On or about February 15, 2002, the Commonwealth issued its eighth progress payment on the Project to Royal Bank, which was in the amount of $222,267.00 ("Funds"), and was deposited by Royal Bank on February 22, 2002. A true and correct copy of the payment check is attached hereto as Exhibit "O."

26. On or about February 26, 2002, F&D issued its first payment under the Bond.

27. On or about March 7, 2002, RPSS voluntarily terminated its work on the Project.

28. The last advance by Royal Bank to RPSS under the Loan was made on or about January 28, 2002. A true and correct copy of the Loan Transcript is attached hereto as Exhibit "P."

29. F&D has demanded that Royal Bank tender the Funds to F&D.

30. Royal Bank has not tendered the Funds to F&D.

AGREED AND STIPULATED TO:

_____                _____
SCOTT M. WALDMAN                               RICHARD S. HANNYE
Wolf, Block, Schorr and                        Royal Bank of Pennsylvania
Solis-Cohen, LLP                               732 Montgomery Avenue
1650 Arch Street, 22nd Floor                   Narberth, PA  19072
Philadelphia, PA  19103                        (610) 668-4700
(215) 944-2074

Attorney for Plaintiff, Fidelity and           Attorney for Defendant, Royal Bank
Deposit Company of Maryland                    of Pennsylvania

## **CERTIFICATE OF SERVICE**

I, Scott M. Waldman**,** hereby certify that today I caused a true and correct copy of the foregoing Joint Stipulation of Facts to be sent via United States first class mail, postage pre-paid, as follows:

> Richard S. Hannye, Esquire
> Royal Bank of Pennsylvania
> 732 Montgomery Avenue
> Narberth, PA  19072

                                                                          _____
                                                                          Scott M. Waldman

Date:   November 27, 2002