IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 02-CV-2674 |
| v. | : : | |
| ROYAL BANK OF PENNSYLVANIA | : : | |
| Defendant. | : | |

**REPLY OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND TO
ROYAL BANK OF PENNSYLVANIA'S OPPOSITION TO SUMMARY JUDGMENT**

Fidelity and Deposit Company of Maryland ("F&D") respectfully requests that the Court consider this Reply to two particular aspects of Royal Bank of Pennsylvania's ("Royal Bank") Opposition to F&D's Motion for Summary Judgment.

**1.   The Court Should Disregard James J. McSwiggan's Affidavit**

   **A.   The Affidavit Is Not A Proper Part
          of the Record and Should Be Stricken**

By Order of October 30, 2002, the Court required the parties to consult and advise as to whether this case could be determined via Fed.R.Civ.P. 56, based upon the submission of a joint record.  The parties reached such an agreement, and in reliance thereon, filed their respective motions for summary judgment, along with a Joint Stipulation of Facts ("Stipulated Record" or "SR"), which was accompanied by sixteen documentary exhibits.

However, in an obvious attempt to dissemble an issue of material fact, Royal Bank has interposed Mr. McSwiggan's Affidavit in opposition to F&D's Motion for Summary Judgment. The parties expended significant time and effort in creating the Stipulated Record, and should

not, at this point in the proceedings, suddenly submit additional "facts" for the Court's consideration.

Accordingly, F&D respectfully requests that the Court decline consideration of Mr. McSwiggan's Affidavit.

**B.     Even If Considered, the Affidavit Does
        Not Create an Issue of Material Fact**

Mr. McSwiggan's Affidavit appears to have been submitted for the purpose of refuting the clear facts and reasonable inferences demonstrating that, prior to Royal Bank's receipt and deposit of the Funds, it had knowledge of RPSS' failure to pay various subcontractors on the Project and that F&D had made claim to the Funds. However, a close examination of the Affidavit demonstrates that it fails in this regard.

On the whole, Mr. McSwiggan, on behalf of Royal Bank, disavows any knowledge of RPSS' breach and/or F&D's claim prior to the deposit of the Funds, essentially because Royal Bank did not believe or agree with the information it had received up to that point in time. Regardless of whether Royal Bank persisted in its incorrect interpretation and application of Pennsylvania law, the fact remains that it had corresponded extensively with the undersigned and was fully aware of both RPSS' default and F&D's claims. The Affidavit itself proves this point, as it admits to notice of the default and the claim.

Incredibly, Mr. McSwiggan states that the undersigned's February 15, 2002 letter "was the first correspondence received by Royal from anyone alleging that Restoration had not paid its subcontractors." *Affidavit*, ¶ 2. One need look no further than Paragraph 19 of the Stipulated Record, along with Exhibit "K" thereto, to see that Royal Bank was copied on two letters from the Commonwealth regarding RPSS' failure to pay the invoices of Hawk Construction Products, Inc. The veracity of Mr. McSwiggan's Affidavit is further compromised by his claim that his

February 15, 2002 memorandum (*SR*, Ex. "N") was issued directing that "no further advances under any circumstances are permitted on" the Loan *without RPSS being in default*. Instead, Mr. McSwiggan claims that he issued his directive because he thought "that the Commonwealth would stop making progress payments while it sorted out the competing claims of Royal and Fidelity," even "*despite the lack of any evidence of Restoration's default.*" *Affidavit*, ¶ 5.

In sum, Mr. McSwiggan's purported Affidavit is not only internally inconsistent, but is factually inaccurate, in that it ignores the above-referenced aspects of the Stipulated Record to which his employer, Royal Bank, has already agreed. The Affidavit fails in its intended purpose of creating the appearance of a genuine issue of material fact, and should not be considered to do so in the face of the clear and reasonable facts and inferences available from the agreed-upon record.

**2.     The *Maryland Casualty* Case Is Wholly Irrelevant to the Issues Herein**

Once again, Royal Bank has mis-cited legal precedent in this case. Specifically, Royal Bank claims that *Maryland Casualty Co. v. National Bank of Germantown & Trust Co.*, 320 Pa. 129, 182 A. 362 (1936) "denied equitable subrogation" to a surety seeking the same against a bank. *Royal Bank's Brief*, p. 3. However, nowhere in the *Maryland Casualty* court's discussion of the surety's rights did it consider equitable subrogation, but only a contractual assignment between the surety and its principal. The *Maryland Casualty* court distinguished equitable subrogation cases, such as *Lancaster County National Bank's Appeal*, 304 Pa. 437, 155 A. 859 (1931)[1] (assignee bank had notice of the principal's default and of the surety's claims arising thereunder, as well as notice of provisions in the Project documents obligating the principal to pay its subcontractors) from the case at bar therein. Unlike *Lancaster County* and this case, the

---

[1]     The similarity of *Lancaster County* to this case is discussed in F&D's December 27, 2002 Response to Royal Bank's Motion, pp. 4-5.

surety's claim in *Maryland Casualty* was based solely on an assignment it had received from its principal, the existence of which was unknown to the bank or any other party therein.

In conjunction with its *Maryland Casualty* argument, Royal Bank falsely accuses F&D of ignoring the "generally negative commentary" of the Hillman treatise, "relying instead on a partial sentence excerpted" therefrom. *Royal Bank's Brief*, p. 3. Of course, the so-called excerpt is the only portion of that section of the treatise that is relevant herein, as it addresses the exact situation at bar: where an assignee, such as Royal Bank, with knowledge of the contractor's breach and the surety's claim to the funds prior to the assignee's receipt of the Funds, must return the Funds to the surety. As set forth at length in F&D's Motion, these two conditions are conclusively proven by an examination of the Joint Stipulation of Facts:

1. Royal Bank was copied on the Commonwealth's January 28, 2002 letters to RPSS and Hawk Construction Products, Inc. regarding RPSS' failure to pay Hawk's invoices on the Project. *SR*, ¶ 19, Exhibit "K."

2. On or about February 14, 2002, the undersigned spoke via telephone with a Royal Bank employee familiar with the RPSS Loan and advised him of F&D's entitlement to the Project Funds. *F&D's November 27, 2002 Memorandum of Law*, p. 3.

3. On or about February 15, 2002, F&D's counsel copied Royal Bank on his letter to the Commonwealth regarding this matter, to which Royal Bank responded and engaged in a lengthy series of correspondence. *SR*, ¶ 23, Exhibit "M."

All of the above occurred prior to Royal Bank's February 22, 2002 receipt and deposit of the Funds. Just because Mr. McSwiggan, for whatever reason, chose to ignore the facts and applicable Pennsylvania law, Royal Bank is not entitled to keep Project Proceeds that it received after clear notice of RPSS' default and of F&D's claims, and to which F&D is equitably subrogated.

Accordingly, Fidelity and Deposit Company of Maryland respectfully requests that its Motion for Summary Judgment be granted and that Royal Bank of Pennsylvania's Motion for Summary Judgment be denied.

                                        Respectfully submitted,

                                        WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP

                                        By:_____
                                            Scott M. Waldman
                                            1650 Arch Street, 22nd Floor
                                            Philadelphia, PA  19103
                                            (215) 977-2074

                                            *Attorney for Plaintiff,*
                                            *Fidelity and Deposit Company of Maryland*

Date:  January 3, 2003

**CERTIFICATE OF SERVICE**

I, Scott M. Waldman**,** hereby certify that today I caused a true and correct copy of the foregoing Reply of Fidelity & Deposit Company of Maryland to Royal Bank of Pennsylvania's Opposition to Summary Judgment, to be sent via telefax and U.S. Mail, as follows:

> Richard S. Hannye, Esquire
> Royal Bank of Pennsylvania
> 732 Montgomery Avenue
> Narberth, PA  19072

                                              _____
                                                   Scott M. Waldman

Date:   January 3, 2003

DSB:891512.1/FID024-158178