IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 02-2674 |
| ROYAL BANK OF PENNSYLVANIA | : | |

**ORDER**

AND NOW, this 20th day of August, 2003, the objections on privilege grounds of the Small Business Administration to the subpoena issued by plaintiff Fidelity and Deposit Company of Maryland are overruled and the SBA is ordered to produce the withheld correspondence, subject to the following.[1]  The third full paragraph of the March 3, 2003

---

[1] The SBA withheld a letter dated March 3, 2003 from Richard S. Hannye, Esquire to Rich Fankhanel at the SBA as protected by the attorney-client privilege and the joint defense privilege.  It withheld a letter dated February 14, 2003 from Curt L. Heffler, Esquire to Richard S. Hannye, Esquire as protected by the attorney-client privilege.

In Pennsylvania, "[i]n a civil matter, counsel shall not be competent or permitted to testify to confidential communications made to him by a client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." 42 Pa.C.S.A. §5928.  Our Court of Appeals has held that:

> The traditional elements of the attorney-client privilege that identify communications that may be protected from disclosure in discovery are: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client), (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co., 32 F.3d 851, 862 (3d Cir. 1994).  The privilege is inapplicable to communications from an attorney to a client that "contain no protected communication from [the client] to its attorney." The Birth Center v. The St. Paul Companies, Inc., 727 A.2d 1144, 1164 (Pa. Super. 1999), aff'd, 787 A.2d 376 (Pa.

letter from Richard S. Hannye, Esquire to Rich Fankhanel may be redacted. Production shall be made by August 29, 2003.

BY THE COURT:

_____
Edmund V. Ludwig, J.

---

2001).

[1] (cont.) With the exception of the material to be redacted, the letters at issue involve communications from counsel regarding matters largely of public record and are not protected by the attorney-client privilege.